UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE CO., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BENJAMIN LANGE, et al., <br><br> Defendants. | CASE NO. C20-0390JLR <br><br> ORDER |

## I. INTRODUCTION

Before the court is Plaintiffs Liberty Mutual Insurance Company and Liberty Insurance Corporation's (collectively, "Liberty Mutual") motion to lift the stay in this action. (Mot. (Dkt. # 44); Reply (Dkt. # 48).[1]) Plaintiffs Benjamin and Carolyn Lange (collectively, the "Langes") oppose the motion. (Resp. (Dkt. # 46).) The court has

---

[1] Liberty Mutual's briefs do not include the word count certification required by Local Civil Rule 7(e)(6). (*See* Mot.; Reply); Local Rules W.D. Wash. LCR 7 (Feb. 1, 2023). Going forward, a brief that fails to follow the Local Civil Rules may be stricken from the docket.

ORDER - 1

reviewed the parties' submissions, the balance of the record, and relevant law. Being fully advised,[2] the court GRANTS Liberty Mutual's motion.

## II. BACKGROUND

On November 17, 2020, the court granted the parties' stipulated motion to stay this case pending the outcome of trial in an underlying action between the Langes and their adoptive daughter in state court (the "Underlying Dispute"). (11/17/20 Order (Dkt. # 31) (referencing *C.L. v. Carolyn Lange and Benjamin Lange*, Whatcom County Superior Court Cause No. 17-2-02207-37); Mot. to Stay (Dkt. # 30).) The Underlying Dispute was filed in November 2017 by the Langes' adoptive daughter, C.L., in Whatcom County. (*See* Compl. (Dkt. # 1), Ex. 1 (Dkt. # 19-1); Eversole Decl. (Dkt. # 45) ¶ 5.) C.L. brings various tort claims against the Langes related to abuse she suffered in their care. (Compl. ¶¶ 10-13.) Liberty Mutual, which had issued homeowners' insurance policies to the Langes, agreed to defend the Langes in the Underlying Dispute under a full reservation of rights, including the right to withdraw. (*Id.* ¶¶ 14-17.)

On February 26, 2020, Liberty Mutual filed this action, seeking a declaratory judgment that it has no duty to defend the Langes in the Underlying Dispute. (*Id.* ¶¶ 31-33.) Liberty Mutual filed and then withdrew a motion for summary judgment (*see* MSJ (Dkt. # 24); Not. (Dkt. # 28)), and on November 17, 2020, the parties filed a stipulation to stay proceedings pending trial in the Underlying Dispute (Mot. to Stay). In

---

[2] Neither party requests oral argument (*see* Mot. at 1, Resp. at 1) and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

the stipulated motion, the parties noted that a stay was necessary (1) because of unresolved factual issues in the Underlying Dispute, (2) to avoid the risk of inconsistent results, and (3) to avoid requiring the Langes to litigate both actions simultaneously. (*Id*. ¶¶ 2-3.) The court granted the parties' stipulated motion and stayed the matter, allowing either party to move to terminate the stay upon 30 days' written notice to the opposing party. (11/17/20 Order at 2.) Throughout the two years that followed, this court extended the stay several times. (*See* Dkt.)

The Underlying Dispute is currently stayed while the Washington Court of Appeals reviews the Langes' appeal of a trial court ruling. (*See* Eversole Decl. ¶¶ 8-11, Ex. 2.) According to both parties, discovery in the Underlying Dispute is now complete. (*See* Mot. at 6; Resp. at 8.) On October 31, 2022, Liberty Mutual provided the Langes with written notice that it intended to ask the court to lift the stay. (*See* 10/31/22 JSR (Dkt. # 42).) Liberty Mutual now asks the court to lift stay, contending that the primary reasons for imposing the stay are no longer applicable and noting its intent to file a new motion for summary judgment. (Mot. at 2, 4.) The Langes oppose Liberty Mutual's motion, arguing that this matter and the Underlying Dispute involve potentially overlapping issues, and that the Langes may be prejudiced by having to take positions in this litigation contrary to their position in the Underlying Dispute. (Resp. at 7.)

### III.   ANALYSIS

The court first reviews the relevant legal standard before analyzing Liberty Mutual's motion.

## A.   Legal Standard

A district court has discretionary power to stay proceedings before it. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). A stay may be especially useful "pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). However, where the independent proceeding is unlikely to resolve issues that may bear upon the case, a stay may not be justified. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005). Moreover, a stay should not be indefinite. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

The court weighs the following competing interests in considering whether to stay proceedings or terminate a stay: (1) the possible damage that continuing the stay may occasion; (2) the hardship a party may suffer in being required to go forward; and (3) the "orderly course of justice measured in terms of the simplification or complication of issues, proof, and questions of law that could be expected to result from a stay." *Fed. Ins. Co. v. Holmes Weddle & Barcott PC*, No. C13-0926JLR, 2014 WL 358419, at *3 (W.D. Wash. Jan. 31, 2014) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *see also Commerce W. Ins. Co. v. Allen*, Case No. C18-5828RJB, 2019 WL 3530912, at *3 (W.D. Wash. Apr. 24, 2019) (applying these factors to determine whether to lift a stay).

## B.   Whether the Stay Should be Lifted

On balance, the court concludes that the factors weigh in favor of lifting the stay. The court reviews each factor.

1. <u>The Possible Damage from Continuing the Stay</u>

Liberty Mutual argues that the Langes will not be harmed if the stay is lifted and this court is able to adjudicate Liberty Mutual's declaratory judgment action. (Mot. at 7.) According to Liberty Mutual, it will be harmed by having to continue paying the Langes' defense costs in the Underlying Dispute. (*Id.*) The Langes disagree, arguing that (1) the Langes will be harmed by having to fight a "two-front war" and (2) Liberty Mutual will suffer no harm if the stay remains in place, because an insurer is not harmed by having to defend its insured. (Resp. at 11-12 (citing *Woo v. Fireman's Fund Ins.*, 164 P.3d 454, 459 (Wash. 2007)).) Liberty Mutual responds that there is no "two-front war" because litigating the issues before this court will require very little of the Langes. (Mot. at 7; Reply at 5-6 (noting resolution of Liberty Mutual's forthcoming summary judgment motion will require no discovery).)

The court is sympathetic to the Langes' burden of litigating in two forums. However, as Liberty Mutual notes, the questions before this court are purely legal and no discovery will be necessary; the additional burden on the Langes of litigating in this court will therefore be minimal. (*See* Reply at 5, *see also infra* § III.B.2); *see also Dependable Highway*, 498 F.3d at 1066 ("being required to defend a suit [if the stay is lifted] does not constitute a clear case of hardship or inequity") (cleaned up). Regardless, between the two parties, Liberty Mutual stands to suffer the greater possible damage, because it will have to continue paying the Langes' defense costs in the Underlying Dispute, even as its obligation to pay those costs remains unresolved by this court. *See, e.g., Nat'l Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 694 (Wash. 2013) (determining that, under a reservation

of rights defense, the insurer must bear the insured's defense costs until a determination of noncoverage). Accordingly, the court concludes that this first factor weighs in favor of lifting the stay.

2. The Hardship or Inequity a Party May Suffer

With respect to the second factor, the Langes argue at length that Liberty Mutual's motion for summary judgment will prejudice them by: (1) requiring them to litigate unresolved facts in the Underlying Dispute; (2) requiring them to allege conduct that triggers coverage under the insurance policy, contrary to their interests in the Underlying Dispute; and (3) potentially resulting in rulings from this court that will be prejudicial to them in the Underlying Dispute. (*See* Resp. at 7-11.) Liberty Mutual vehemently disagrees, asserting that, should the court lift the stay, the questions before it will be purely legal interpretations of the Langes' insurance policy and the complaint in the Underlying Dispute. (Reply at 2-5 (asserting, in part, that "the Langes do not have to admit any fault or liability, and this court need not make any finding as to the Langes' *actual* fault . . . to resolve the outstanding issues of coverage" (emphasis in original)).) The court agrees with Liberty Mutual that the potential hardship or prejudice the Langes may suffer from lifting the stay is speculative at best, and largely unlikely given the court's limited tasks in resolving Liberty Mutual's request for relief.

In this action, Liberty Mutual seeks a declaration that it has no duty to defend or indemnify the Langes against C.L.'s claims in the Underlying Dispute. (*See* Compl. ¶¶ 31-33.) In Washington, an insurer's "duty to defend generally is determined from the 'eight corners' of the insurance contract and the underlying complaint." *Nat'l Union Fire*

*Ins. Co of Pittsburgh, PA v. Coinstar, Inc.*, 39 F. Supp. 3d 1149, 1156 (W.D. Wash. 2016) (quoting *Expedia, Inc v. Steadfast Ins. Co.*, 329 P.3d 59, 64 (Wash. 2014)); *see also Standard Fire Ins. Co. v. Lange*, No. C20-0092JLR-MLP, 2020 WL 6083452, at *3-4 (W.D. Wash. Sept. 29, 2020), *report and recommendation adopted*, No. C20-0092JLR, 2020 WL 6079176 (W.D. Wash. Oct. 15, 2020) ("The [c]ourt construes an insurance policy as a contract, and the interpretation of that contract is a question of law."). Thus, if the court lifts the stay, the task before it will be to determine "if the insurance policy conceivably covers the allegations in [C.L.'s] complaint." *Woo*, 164 P.3d at 459 (emphasis removed). The court will only consider facts extrinsic to the complaint and policy if coverage is not clear from the face of the complaint, or if allegations in the complaint conflict with facts "known or readily ascertainable by the insurer." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 282 (Wash. 2002). Both scenarios "favor the insured." *Id.*; *see also Woo*, 164 P.3d at 459 (noting the insurer may rely on extrinsic facts to trigger, but not to deny, its duty to defend).[3]

Liberty Mutual also asks the court to determine whether it has a duty to indemnify the Langes, should the court find in the Langes' favor with respect to Liberty Mutual's duty to defend. (*See* Compl. ¶ 32.) Liberty Mutual's duty to indemnify the Langes will "hinge[] on the insured's actual liability to the claimant and actual coverage under the

---

[3] Moreover, the court must draw all reasonable inferences in the Langes' favor when it decides Liberty Mutual's forthcoming motion for summary judgment, and any dispute of material fact with respect to Liberty Mutual's duty to defend or indemnify the Langes will be fatal to the motion. *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 378 (2007).

ORDER - 7

policy." *Hayden v. Mut. of Enumclaw Ins. Co.*, 1 P.3d 1167, 1171 (Wash. 2000) (emphasis removed). The threshold question of the Langes' "actual liability" to C.L. is for the court in the Underlying Dispute to decide; the Langes therefore need not make arguments in this court contrary to their interests in the Underlying Dispute.[4]

Under this second factor, the low likelihood that the Langes will suffer prejudice if this litigation resumes weighs in favor of lifting the stay.

### 3. The Orderly Course of Justice

The orderly course of justice is "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. The Langes argue that this court will be unable to fully resolve Liberty Mutual's motion for summary judgment while the Underlying Dispute is still pending. (Resp at 12.) Liberty Mutual argues that there is no overlap in the legal or factual issues between this litigation and the Underlying Dispute and therefore no risk of complicating the issues. (Reply at 7.) For the reasons articulated above (*see supra* § III.B.2), the court agrees that resolving the issue of Liberty Mutual's duty to defend the Langes does not turn on overlapping issues with the Underlying Dispute, and concludes that such a decision from this court will not complicate the issues between the parties. Accordingly, the orderly course of justice supports lifting the stay.

---

[4] If this court must ultimately reach the question of Liberty Mutual's duty to indemnify the Langes before the court in the Underlying Dispute determines the Langes' actual liability to C.L., *see Hayden*, 1 P.3d at 1171, either party may request another stay. However, under the current circumstances, such a scenario is too speculative to justify extending the present stay.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Liberty Mutual's motion to lift the stay (Dkt. # 44) and LIFTS the stay in this case. The court further ORDERS the parties to submit a joint status report no later than **April 6, 2023** regarding (1) a schedule for filing dispositive motions, (2) when the parties anticipate being ready to take this case to trial, and (3) the anticipated duration of the trial.

Dated this 23rd day of March, 2023.

JAMES L. ROBART
United States District Judge